

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-24-2008

# USA v. Pitts

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3864

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Pitts" (2008). *2008 Decisions*. Paper 1711.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1711

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

————————

NO. 06-3864

————————

UNITED STATES OF AMERICA

v.

ROBERT L. PITTS
Appellant

————————

On Appeal From the United States
District Court
For the Middle District of Pennsylvania
(D.C. Crim. Action No. 05-cr-00415-1)
District Judge:  Hon. William W. Caldwell

————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 11, 2007

BEFORE:  RENDELL and STAPLETON,
*Circuit Judges*, and IRENAS, *District Judge**

(Opinion Filed: January 24, 2008)

————————

*Hon. Joseph E. Irenas, Senior District Judge for the District of New Jersey, sitting by
designation.

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Appellant Robert Pitts was arrested after he tried to buy five kilograms of cocaine from an undercover officer. He subsequently pled guilty pursuant to a plea agreement.

**I.**

Because we write only for the parties who are familiar with the factual context and procedural history of the case, we set forth only those facts necessary to our analysis.

Prior to the sentencing hearing, the government informed Pitts that a § 5K1.1 motion would not be forthcoming because Pitts had lied about who funded the drug ring that he was involved with, who his partners were, and about the fact that he had sold crack cocaine. Because the government refused to make the motion, the District Court refused to grant the downward departure.

In addition to the departure, Pitts also sought a variance based on his troubled past, remorse for his crime, subsequent cooperation with the government, and standing in the community. Opposing this request, the government explained that Pitts had not fully cooperated as required by his plea agreement and detailed his extensive criminal history. After considering all of this information, the District Court concluded that it could not "justify departing from the Guidelines." Instead, it sentenced Pitts to the minimum

2

sentence within the Guidelines range, 151 months in prison.

Pitts appeals, alleging that the government acted in bad faith when it refused to file a motion for departure pursuant to § 5K1.1.  He further argues that the District Court erred in refusing to grant a variance, claiming that it incorrectly viewed the Guidelines regime as mandatory in the absence of extraordinary circumstances.  Finally, he asserts that the government's remarks at his sentencing hearing were so inflammatory that they prevented the District Court from engaging in any meaningful consideration of the relevant U.S.S.G. § 3553(a) factors.[1]

## II.

Although we find no error in the District Court's refusal to grant a departure pursuant to U.S.S.G. § 5K1.1 and no plain error based on the government's comments,[2]

[1]We have jurisdiction over sentencing appeals pursuant 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and review the ultimate sentence imposed by the District Court for reasonableness.  *United States v. Cooper*, 437 F.3d 324, 327 (3d Cir. 2006).  We review the District Court's legal conclusions without deference and its factual findings for clear error.  *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2006) (en banc); *United States v. Lloyd*, 469 F.3d 319, 321 (3d Cir. 2006).

[2]Concerning the departure, because the government offered a legitimate reason for its actions, Pitts had to adduce some evidence showing that the government was acting in bad faith.  *United States v. Isaac*, 141 F.3d 477, 484 (3d Cir. 1998).  The record shows that he did not offer any such evidence, and accordingly, Pitts was not entitled to the departure.  The record also belies Pitts' prosecutorial misconduct claims.  Although the government did misspeak at one point, telling the District Court that Pitts' earlier cocaine conviction carried a mandatory minimum sentence, this was a minor error that had no bearing on Pitts' ultimate sentence, and therefore it simply did not affect his substantial rights.  *See United States v. Dragon*, 471 F.3d 501, 505 (3d Cir. 2006).  We are similarly unpersuaded by Pitts' alternative argument that, when the government responded to his

we will vacate Pitts' sentence and remand for resentencing because the record suggests that the District Court misapprehended its role under the current Guidelines regime. Specifically, when the District Judge indicated that his "obligation as [a] judicial officer[]" was to follow the Guidelines absent "some extraordinary situation," it raised doubt as to what role the Guidelines played in formulating Pitts' sentence.

Although our post-*Booker* precedent makes it clear that the Guidelines are not to be taken lightly, a district court can properly deviate from the prescribed range even in the absence of extraordinary circumstances. *Gall v. United States*, 128 S.Ct. 586, 594-95 (2007); *United States v. Booker*, 543 U.S. 220 (2005); *Cooper*, 437 F.3d at 331 & n. 10. Accordingly, because the record suggests that the District Court may have been laboring under the mistaken belief that the Guidelines are not to be deviated from absent such circumstances, we cannot affirm the District Court's sentencing determination. *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006).

## III.

For this reason, the judgment of the District Court will be vacated and the matter will be remanded for resentencing.

---

departure request by stating that he lied when he denied selling cocaine, it so inflamed the District Court that it was unable to give meaningful consideration to the U.S.S.G. § 3553(a) factors. Nothing in the record suggests that this statement by the government was inaccurate or that it had any inappropriate effect on the District Court's ultimate decision.