

Villanova University School of Law

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-2-2009

# USA v. Robert Pitts

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2585

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Robert Pitts" (2009). *2009 Decisions.* Paper 1248.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1248

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 08-2585

———————

UNITED STATES OF AMERICA

v.

ROBERT L. PITTS,
                                        Appellant.

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 1-05-cr-00415-001
District Judge:  Hon. William W. Caldwell

———————

Submitted under Third Circuit LAR 34.1(a)
on March 3, 2009

Before:  BARRY, WEIS and ROTH, <u>Circuit Judges</u>

(Opinion filed: June 2, 2009)

———————

O P I N I O N

———————

**ROTH**, <u>Circuit Judge</u>:

Robert Pitts appeals from a judgment of sentence after pleading guilty to attempting to distribute and possessing with intent to distribute cocaine hydrochloride, a Schedule II controlled substance, in violation of 21 U.S.C. § 846. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the District Court's sentence for "reasonableness with regard to the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007). Reasonableness review entails an inquiry into "whether the trial court abused its discretion." *Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456, 2465 (2007). We will affirm.

In a prior appeal, this Court remanded for re-sentencing based on the District Court's erroneous belief that it must follow the Sentencing Guidelines absent an extraordinary situation; however, we rejected Pitts's contention that he deserved a departure from the Guidelines pursuant to U.S.S.G. § 5K1.1. *See United States v. Pitts*, 261 F. App'x 377, 379 (3d Cir. 2008). Pitts now argues that the District Court erred on re-sentencing by failing to discuss the disparity in sentences between Pitts and a co-defendant whom he characterizes as "equally culpable." Pitts received a within-Guidelines sentence of 151 months, while his co-defendant received a sentence of 96 months. We reject Pitts's argument.

First, defendant's counsel made only a passing reference to the sentence imposed on his co-defendant during the sentencing proceeding, and no disparity argument was made either

2

as an objection to the presentence report or as part of the written Memorandum of Law filed in conjunction with the sentencing proceeding. Though a district court ought generally to discuss all non-frivolous arguments made by counsel concerning sentencing disparities, *see United States v. Goff*, 501 F.3d 250, 256 (3d Cir. 2007), here, the brief reference to the sentence imposed on Pitts's co-defendant did not place a disparity issue squarely before the District Court. *See United States v. Grier*, 475 F.3d 556, 571 & n.11 (3d Cir. 2007).

Second, there is no indication that the co-defendant was similarly situated with Pitts. Indeed, the record belies Pitts's claim that they were "equally culpable," as it reflects that Pitts was the organizer of the illegal activity while his co-defendant merely met on one occasion with an undercover officer. Moreover, Pitts's co-defendant received the benefit of a U.S.S.G. § 5K1.1 departure based on his continued substantial assistance to the government. Pitts received no such departure, and, as noted, we have already held that the government's decision not to file a § 5K1.1 Motion for Pitts was proper under these circumstances.

Accordingly, we will affirm the judgment of sentence.